UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARLES THOMPSON,**

    Plaintiff,

vs.

                        **Civil Action No. 06-13430**
                        **HONORABLE PAUL D. BORMAN**
                        **HONORABLE STEVEN D. PEPE**

**MICHIGAN PAROLE BOARD AND**
**ENID LIVINGSTON,**

    Defendants.

_____/

### REPORT AND RECOMMENDATION

Charles Thompson is a prisoner in the custody of the Michigan Department of Corrections (MDOC). On July 31, 2006, he filed this action under 42 U.S.C. §1983 against the Defendants.[1] Plaintiff alleges that the Michigan Parole Board (MPB) and Enid Livingston denied him a proper parole hearing in violation of his Fifth and Fourteenth Amendment rights to due process and also discriminated against him on the basis of his status as a sex-offender in violation of his Fourteenth Amendment right to equal protection.

Defendants motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A),(B). For the reasons stated below, it is RECOMMENDED that Defendants' motion be GRANTED and the complaint be DISMISSED for failure to state a claim.

---

[1] The complaint in this matter does not specify whether the parties are being sued in their official and/or individual capacities. Because Plaintiff has requested only injunctive relief, it is assumed that both Defendants are sued in their official capacities.

**I.    ANALYSIS**

In his complaint Plaintiff alleges that Defendant Livingston, who conducted his parole hearing, prohibited him and his representative, his father, from providing answers to her questions by interrupting, berating and belittling them. He also alleges that the MPB considered inaccurate information in denying his parole. He argues that these actions violate his constitutional right to due process.[2] Lastly, Plaintiff alleges that the MPB is biased against prisoners, such as Plaintiff, that have been convicted of sex-based offenses and grants parole to prisoners with non-sex-based convictions with "lower composite scores" than sex-offenders. He argues that this treatment violates his Fourteenth Amendment right to equal protection.

**A.  IMMUNITY**

**1.    Defendant Michigan Parole Board**

The MPB is immune from suit under the Eleventh Amendment. Eleventh Amendment immunity is a jurisdictional bar and applies regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-01 (1984); *Horton v. Martin*, 137 Fed. Appx. 773, 775; 2005 WL 1384306, *1 (6th Cir. 2005). Unless immunity is expressly waived, a state and its

---

[2] While Plaintiff argues that this matter does not challenge the outcome of the parole hearings because he is only requesting declaratory and injunctive relief for future proceedings, it should be noted that a challenge to the outcome of the previous parole board hearings would not be cognizable under §1983, because such a challenge must be brought pursuant to 28 U.S.C. §2254. *See Preiser v. Rodriguez,* 411 U.S. 475, 488-90 (1973) (claims going directly to the constitutionality of physical confinement itself and seeking either immediate release from that confinement or the shortening of its duration are only cognizable under 28 U.S.C. §2254); *Brower v. Michigan Supreme Court*, 40 Fed. Appx. 103-104, *1 (6th Cir. 2002). This argument was not asserted by Defendants in the present motion.

agencies[3] are immune from an action for damages and injunctive relief. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 381 (6th Cir.1993). Therefore, Plaintiff's claims against the Michigan Parole Board should be dismissed.

### 2. Defendant Livingston

The Eleventh Amendment is a bar to claims for past damages against state defendants sued in their official capacities, but it does not bar prospective relief (injunctive or declaratory) in a "suit challenging the constitutionality of a state official's action. *Ex Parte Young*, 209 U.S. 123, 150-60, (1908). . . . *Edelman v. Jordan*, 415 U.S. 651, 664 (1974)." *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002); *Wolfel v. Morris,* 972 F.2d 712, 719 (6th Cir.1992); *see Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 n. 10 (1989); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).

Similarly, the Michigan Parole Board members are entitled to absolute immunity from damages liability for actions taken in the performance of their duties regarding the granting or denying of parole; *see Jones v. Moore,* 986 F.2d 251, 253 (8th Cir.1993) (per curiam); *Russ v. Uppah,* 972 F.2d 300, 303 (10th Cir.1992); *Farrish v. Mississippi State Parole Bd.,* 836 F.2d 969, 973-74 (5th Cir.1988); *all cited in*, *Ward v. Moss*, 1994 WL 664948, *1 (6th Cir. 1994); this derives from their quasi-judicial duties, and a claim for prospective injunctive relief is not barred by the doctrine of judicial immunity, *see Pulliam v. Allen,* 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), *cited in, Seyka v. Corrigan,* 46 Fed. Appx. 260, 2002 WL 2026215, *1 (6th

---

[3] The Board is an administrative agency within the executive branch of Michigan's government. *See* Mich. Const.1963, art. 5, § 2; *In re Parole of Bivings,* 242 Mich.App. 363, 619 N.W.2d 163, 167-68 (2000).

Cir. 2002).

Because Plaintiff seeks injunctive and declaratory relief from Defendant Livingston, apparently in her official capacity, she is not entitled to immunity. Yet Plaintiff's Due Process and Equal Protection claims against her still fail to state a claim as described more fully below.

### B.  DUE PROCESS

Prisoners have no general federal constitutional right to parole or a parole hearing. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Inmates of Orient Correctional Institute v. Ohio State Adult Parol Auth.*, 929 F.2d 233, 235 (6th Cir.1991). States may, create a liberty interest through regulations and procedural rules that limit the discretion of state officials in making parole decisions. *See Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Bills v. Henderson*, 631 F.2d 1287, 1291 (6th Cir.1980). Yet, it is well established that Michigan's parole scheme does not create a protected liberty interest in parole because the MPB has broad discretion to recommend or deny parole. *See* Mich. Comp. Laws Ann. § 791.235; *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir.1994) (en banc); *Hopkins v. Michigan Parole Bd.*, 604 N.W.2d 686, 689 (Mich. App.1999).

Therefore, "even if the Parole Board relied on inaccurate information to deny [Plaintiff] parole," *Caldwell v. McNutt,* 158 Fed. Appx. 739, 741, 2006 WL 45275, *1 (6th Cir. 2006), or failed to follow its own policy directives during the parole hearing, *Moran v. McGinnis*, 1996 WL 304344, *2 (6th Cir 1996), it did not violate any liberty interest protected by the due process clause of the United States Constitution.

The case cited by Plaintiff, *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980), held otherwise.

4

In *Block* the Court decided that courts may review the substance of parole decisions, but not the procedure involved, because a liberty right flowing from the Due Process Clause existed which prohibited parole decisions being made on an arbitrary or unconstitutional basis – this right being created whenever a state instituted a parole system. *Id*. at 235-36.

Yet, the opinion in *Block* has been questioned by the lower courts in the Third Circuit, *see Jubilee v. Horn*, 975 F.Supp. 761, 765 (E.D. Pa. 1997), and other circuits, including the Sixth Circuit, hold that no liberty interest is created unless the state regulation in question affords no discretion to the actors. *Sweeton,* 27 F.3d at 1164-65; *Maghe v. Koch*, 1997 WL 76014, at * 4 (10th Cir.1997)(finding no liberty interest in obtaining parole under the discretionary Oklahoma parole system and, therefore, denying challenge to information considered by the parole board and adequacy of the process); *Johnson v. Rodriguez*, 110 F.3d 299, 308-09 n. 13 (5th Cir.1997)("The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest.") (citations omitted).[4] As stated above, it has already been determined that the MPB parole regulations do not fall within this

category. *See Sweeton,* 27 F.3d at 1164-65.

Because a §1983 plaintiff must allege the violation of a right secured by federal laws or the United States Constitution, *West v. Atkins,* 487 U.S. 42, 48 (1988), and Plaintiff has failed to

---

[4] *But see Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir.1991) (holding that admitted reliance on false information constituted arbitrary and capricious treatment in violation of the Due Process Clause), though, as pointed out in *Johnson*, "subsequent Eleventh Circuit precedent, while not expressly overruling *Monroe*, has noted that no Due Process rights exist for parole procedures where there is no legitimate expectation of parole. *See O'Kelley* [*v. Snow*], 53 F.3d [319,] 321-322 [(11th Cir. 1995)]." *Johnson* at 309, n. 13.

allege such a right, Plaintiff's §1983 due process claims should be dismissed.[5]

**B. Equal Protection**

In order to state an equal protection claim based on discriminatory acts, as Plaintiff has alleged, a §1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of his membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990). Moreover, conclusory allegations of unconstitutional conduct are insufficient to state a claim under §1983 – some factual basis for the claim must be set forth in the pleadings. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996).

The Sixth Circuit holds that prisoners are not a "protected class" for equal protection purposes. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997). Here, Plaintiff bases his equal protection claim on his status as a prisoner convicted of a sex-based offense and compares his treatment to that of other prisoners convicted of crimes other than sex-based offenses. Plaintiff has provided and the undersigned can find, no law indicating that the nature of the crime for which a prisoner was convicted would alter the ruling that prisoners are not a protected class for the purposes of equal protection. In fact, in an unpublished decision cited by Defendants, *Carnes v. Engler*, 76 Fed. Appx. 79 (6th Cir. 2003), the Sixth Circuit denied the plaintiffs' equal protection claim, finding that no protected class had been alleged where the claim was based upon the alleged disparate treatment of a certain prisoners as compared to other prisoners. *Id.* at 81.

---

[5] Plaintiff asserted his due process claims under both the Fourteenth and Fifth Amendments. Yet, "[t]he Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government. *See generally Sturgell v. Creasy,* 640 F.2d 843, 850 (6th Cir.1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir.1977)." *Scott v. Clay County*, Tenn. 205 F.3d 867, 873 (6th Cir. 2000). Therefore, Plaintiff's "citation to the Fifth Amendment Due Process Clause was a nullity . . . ." and should also be dismissed. *Id.*

Because Plaintiff does not allege any facts indicating that the Defendants intentionally discriminated against him on the basis of his membership in a protected class, his Fourteenth Amendment equal protection claim should be dismissed.

## II.     RECOMMENDATION

For the reasons stated above, it is RECOMMENDED that Defendants' motion be GRANTED and the complaint be DISMISSED for failure to state a claim.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.  Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.  A party may file a reply brief within 5 days of service of a response.  The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: October 31, 2006                         s/Steven D. Pepe
Ann Arbor, Michigan                           United States Magistrate Judge

Certificate of Service

I hereby certify that copies of the above were served upon the parties of record by electronic means or U. S. Mail on October 31, 2006.

                                                                                                      s/Deadrea Eldridge
                                                                                                      Courtroom Deputy Clerk